# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**FIRST MERCURY INSURANCE COMPANY,**

    **Plaintiff,**

v.                                      **Case No. 8:20-cv-1929-CEH-AAS**

**FIRST FLORIDA BUILDING CORPORATION, FIRST FLORIDA LLC, and GILBERTO SANCHEZ,**

    **Defendants.**

_____/

## ORDER

Plaintiff First Mercury Insurance Company (First Mercury) moves for reconsideration of the court's June 9, 2021 order granting in part Defendants First Florida Building Corporation, LLC's, and First Florida LLC's (collectively, First Florida) motion for protective order (Doc. 69). (Doc. 80). First Florida opposes the motion. (Doc. 90).

District courts have "inherent authority to revise interlocutory orders before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties in a case." *Hollander v. Wolf*, No. 09-80587-CIV, 2009 WL 10667896, at *1 (S.D. Fla. Nov. 17, 2009). These limited circumstances prompt reconsideration of a court order: (1) an intervening

1

change in the controlling law; (2) new evidence which has become available; or (3) a need to correct clear error or prevent manifest injustice. *McGuire v. Ryland Group, Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007); *True v. Comm'r of the I.R.S.*, 108 F. Supp. 2d 1361, 1365, (M.D. Fla. 2000).

The party moving for reconsideration must present "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *McGuire*, 497 F. Supp. 2d at 1358 (internal quotations omitted). "This ordinarily requires a showing of clear and obvious error where the interests of justice demand correction." *Id.* (internal quotations omitted).

The court's June 9, 2021 order granted in part First Florida's motion for protective order as to the deposition of First Florida's president, Greg Wyka (Doc. 69).[1] (Doc. 80). However, the order stated that Mr. Wyka's deposition was only "*temporarily* prohibited pending a ruling on the First Florida's motion for reconsideration or resolution of the underlying lawsuit, whichever is sooner." (Doc. 69, p. 6) (emphasis in original). It does not appear that either event has occurred.

That said, First Mercury argues for reconsideration because "[t]he order preventing Wyka's deposition does not account for exceptions to the eight

---

[1] First Mercury does not request reconsideration of the court's order as to the deposition of Defendant Gilberto Sanchez. (Doc. 80, p. 1, n. 2).

corners rule." (Doc. 80, p. 6). In Florida, generally, an insurer's duty to defend an insured is determined solely from the allegations against the insured in the underlying litigation and the policy terms. *Chestnut Associates, Inc. v. Assurance Co. of America*, 17 F. Supp. 3d 1203 (M.D. Fla. 2014). However, under certain exceptional circumstances, facts outside the underlying complaint can be considered when assessing the duty to defend, provided they are uncontroverted and place the claim outside the scope of coverage. *Composite Structures, Inc. v. Cont'l Ins. Co.*, 903 F. Supp. 2d 1284, 1288 (M.D. Fla. 2012). This is considered an "equitable remedy" that departs from the general rule on the duty to defend. *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777 (11th Cir. 2008).

The court is satisfied at this time that First Florida failed to meet its burden as to the application of the exception to the general rule in the duty to defend analysis.[2] The duty to defend is not static; it only endures until an insurer can establish that a claim is not covered by a policy. *Scottsdale Ins. Co. v. GFM Operations, Inc.*, 789 F. Supp. 2d 1278, 1284 (S.D. Fla. 2011) (citing *Nationwide Mut. Fire Ins. Co. v. Keen*, 658 So.2d 1101, 1102-03 (Fla. 4th DCA

---

[2] Most cases discussing these issues, as well as the cases cited by First Mercury, were before the court on motions for summary judgment and not discovery motions. *See BBG Design Build, LLC v. S. Owners Ins. Co.*, 820 F. App'x 962, 965 (11th Cir. 2020); *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1323 (11th Cir. 2014); *First Specialty Ins. Corp.*, 300 F. App'x at 786.

1995)).

First Mercury does not present "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *McGuire*, 497 F. Supp. 2d at 1358. Because there is no clear error and the matter is premature, First Mercury's motion for reconsideration of the court's June 9, 2021 order granting in part First Florida's motion for protective order (Doc. 80) is **DENIED.**

**ORDERED** in Tampa, Florida on August 13, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge