**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FIRST MERCURY INSURANCE
COMPANY,

    Plaintiff,

v.                                            Case No: 8:20-cv-01929-CEH-AAS

FIRST FLORIDA BUILDING
CORPORATION, FIRST FLORIDA,
LLC and GILBERTO SANCHEZ,

    Defendants.
_____/

## ORDER

This matter comes before the Court upon Plaintiff's Motion to Dismiss Defendant Gilberto Sanchez's Counterclaim for Declaratory Judgment [Doc. 49] and Defendant Gilberto Sanchez's Response in Opposition [Doc. 52]. Plaintiff argues that dismissal is warranted as the allegations in Defendant's Counterclaim are redundant and serve no useful purpose. The Court, having considered the motion and being fully advised in the premises, will **DENY** Plaintiff's Motion to Dismiss.

**I.    BACKGROUND**

On September 24, 2019, Gilberto Sanchez filed an action in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida (*Sanchez v. The Apartments at Grady Square, LLC et al.*, Case No. 19-CA-009816), to recover for injuries he allegedly sustained during the course of his employment—with First Florida Building

1

Corporation ("FFBC")—on or about March 21, 2016, when he allegedly fell over 43 feet onto concrete after falling through a 43-foot hole, that was hidden and unsecured with loose boards covering it, on the roof of a construction site. [Doc. 1-1 ¶¶ 3, 26-27, 41, 78-81]. In that action, Sanchez named a host of defendants, including his employer, FFBC; the owner of the property, The Apartments at Grady Square, LLC; and developers or contractors on the project including The Richman Group of Florida, Inc., Florida Construction Services, Inc., and ZE Construction, LLC. *Id.* ¶¶ 3, 9, 14, 20, 23. On January 15, 2020, Sanchez amended the Complaint to name additional defendants, including another contractor, First Florida, LLC ("FFLLC"). *Id*. at p. 62, p. 64 ¶ 393.

FFBC was insured by First Mercury Insurance Company ("First Mercury") under a Commercial General Liability insurance policy ("Policy"), "effective January 1, 2016 to January 1, 2017 with limits of $1,000,000 per occurrence and $2,000,000 general aggregate." [Doc. 1 ¶ 23]. On August 19, 2020, First Mercury filed an initial Complaint for Declaratory Judgment against FFBC and FFLLC in order to clarify its obligations under the Policy. [Doc. 1]. On December 11, 2020, First Mercury filed a Second Amended Complaint [Doc. 44]. There, it included specific language from the Policy in order to define the scope of the coverage and the agreement. *Id.* ¶¶ 35-37. It then requested that the Court enter a declaratory judgment that it owes no duty to defend or indemnify FFBC and FFLLC in connection with the Underlying Action, and it sought an award of its costs and any other relief that the Court considers appropriate. *Id.* at p. 12.

In support of its requested relief, First Mercury alleges that Sanchez's injuries are not the result of an "occurrence,"—as that word is defined in the Policy—because the complaint in the Underlying Action describes the roof conditions as "inherently dangerous" and "virtually certain to cause injury to Sanchez." *Id.* ¶¶ 40-46. It also alleges that the injuries sustained by Sanchez fall under the "Expected or Intended Injury Exclusion" for the same reasons. *Id.* at ¶¶ 47-51. Additionally, First Mercury asserts that the injuries have already been compensated for under a workers' compensation policy, and the Policy excludes coverage for "[a]ny obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law." *Id.* ¶¶ 52-57. Lastly, First Mercury alleges that the Employer's Liability Exclusion applies, as the Policy excludes coverage for bodily injury to an insured's employee: "[a]rising out of and in the course of employment by the insured" or "[p]erforming duties related to the conduct of the insured's business." *Id.* ¶¶ 58-61.

On December 22, 2020, Defendant Sanchez answered the Complaint and also filed a counterclaim seeking declaratory relief against First Mercury. [Doc. 47]. In his Counterclaim, Sanchez seeks a declaration that First Mercury is obligated to defend or indemnify its insureds in connection with the Underlying Action. *Id.* at p. 10 ¶ 20. Sanchez further claims that he is entitled to indemnity under the Policy and "damages in an amount to be proven at trial, the costs of this action, post-judgment interest, and any other relief this court deems equitable, just, and proper." *Id.* at p. 10 ¶¶ 1, 2.

3

On January 5, 2021, First Mercury moved to dismiss Sanchez's Counterclaim, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, on the basis that it is redundant and serves no useful purpose [Doc. 49]. First Mercury asserts that the Court's rulings on the first four Counts of its Complaint for Declaratory Judgment would "completely resolve this coverage dispute." *Id.* at p. 2. First Mercury contends that because the Counterclaim is a "mirror image" of its Complaint for Declaratory Judgment, it should be dismissed. *Id.* In response, Sanchez argues that dismissal is unwarranted because his Counterclaim seeks affirmative relief that was not requested or addressed in First Mercury's action, that is, a determination of the amount of indemnity afforded by First Mercury's Policy. [Doc. 52 at pp. 1, 2.].

## II.   LEGAL STANDARD

"A motion to dismiss a counterclaim under Fed. R. Civ. P. 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1210 (M.D. Fla. 2005). On a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all the allegations in the complaint and construes them in a light most favorable to the plaintiff. *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016). However, legal conclusions "are not entitled to the assumption of truth" and "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *McArdle v. City of Ocala*, 418 F. Supp. 3d 1004, 1006 (M.D. Fla. 2019) (first quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009), then quoting *Davila v. Delta Air Lines, Inc.*,

4

326 F.3d 1183, 1185 (11th Cir. 2003)). When considering a motion to dismiss, the court ordinarily will not look beyond the four corners of the complaint. *Wilchombe v. TeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "Dismissal is warranted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if, assuming the truth of the factual allegations of the counterclaim, there is a dispositive legal issue that precludes relief." *United States v. 8 Luxury Vehicles*, 88 F. Supp. 3d 1332, 1334 (M.D. Fla. 2015).

## III.   ANALYSIS

"Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Smith v. Casey*, 741 F.3d 1236, 1244 (11th Cir. 2014) (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995)). A declaratory judgment "serves to clarify the legal relations and is not for the purpose of making factual determinations." *Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1216 (S.D. Fla. 2011); *UFP E. Div., Inc. v. Old Dominion Ins. Co.*, No. 3:19-CV-1113-MMH-MCR, 2020 WL 4756820, at *13 (M.D. Fla. June 5, 2020) ("[T]he purpose of the Declaratory Judgment Act is to clarify the legal relations at issue and to settle controversies *prior* to a legal breach of duty or contract."). In this case, Sanchez's Counterclaim seeks a declaration that the Policy obligates First Mercury to indemnify FFBC and FFLLC for liability in connection with the Underlying Lawsuit. [Doc. 47 at p. 10].

First Mercury contends that the Counterclaim is a redundant "mirror-image" of the Complaint and should be dismissed as a resolution of the issues in the Complaint

and in Sanchez's Affirmative Defenses will resolve all the issues in the Counterclaim. [Doc. 49 at p. 2]. Upon review, the Court disagrees. First Mercury seeks a declaration that it owes no duty to indemnify and pay Sanchez in the Underlying Action. [Doc. 44 at p. 12]. Sanchez's Counterclaim seeks a declaration that First Mercury owes a duty to indemnify and pay Sanchez, *in addition to* seeking a declaration that Sanchez is entitled to damages in an amount to be proven at trial. [Doc. 47 at p. 10 ¶¶ 1, 2]. The relief sought by Sanchez is not completely identical. A resolution of First Mercury's Complaint and Sanchez's Affirmative Defenses will not resolve all questions raised by the Counterclaim—namely, whether Sanchez is entitled to damages in an amount to be proven at trial.

> Additionally, the court in *Medmarc* has explained that:
>
>> In instances where the declaratory relief is based on contract interpretation, courts are reluctant to dismiss a counterclaim for declaratory relief as redundant even when it is a near 'mirror image' of the complaint, because a 'ruling adverse to the plaintiff on plaintiff's claim would merely result in a judgment that plaintiff was not entitled to the relief requested; although it might logically flow from that judgment that defendant's interpretation of the contract was the correct one, defendants would not be entitled to a judgment to that effect unless [they] specifically requested one.'

783 F. Supp. 2d at 1217. As such, a ruling adverse to First Mercury's interpretation of the Policy does not automatically confer a ruling that Sanchez's interpretation of the Policy is correct. Sanchez is not entitled to a judgment to that effect unless it is specifically requested. First Mercury's argument therefore lacks foundation or merit, and the motion is due to be denied.

"Moreover, even if the counterclaim is completely redundant, a court may still exercise its discretion by not dismissing the counterclaim." *Clark v. Rockhill Ins. Co.*, No. 6:18-CV-780-RBD-KRS, 2018 WL 4926487, at *7 (M.D. Fla. Sept. 21, 2018), *report and recommendation adopted sub nom.*, 2018 WL 4924348 (M.D. Fla. Oct. 10, 2018). *See also Travelers Indem. Co. of Ill. v. Royal Oak Enterprises, Inc.*, 429 F. Supp. 2d 1265, 1270 (M.D. Fla. 2004) ("The motion is due to be denied with respect to the dismissal of counts one, two and three. That these counts duplicate Travelers' request for declaratory relief does not warrant their dismissal."), *aff'd*, 171 F. App'x 831 (11th Cir. 2006)); *Frank v. Rockhill Ins. Co.*, No. 2:18-CV-162-FTM-99CM, 2018 WL 5619325, at *3 (M.D. Fla. Oct. 30, 2018) ("Moreover, if the breach of contract claim and Defendant's affirmative defenses are truly redundant, then Frank will suffer no prejudice in allowing the Counterclaim to proceed alongside Frank's breach of contract claim."); *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 n.10 (11th Cir. 2014) ("Because the counterclaim related to the same subject matter as Perez's complaint, and a ruling on the complaint would necessarily create law of the case for purposes of the issues raised in the counterclaim, it would make little sense to decide the claims at issue in the complaint without simultaneously considering the claims at issue in the counterclaim."); *but see Sprint Sols., Inc. v. 4 U Cell, LLC*, No. 2:15-CV-605—PAM--CM, 2016 WL 1244528, at *3 (M.D. Fla. Mar. 30, 2016) ("A number of courts have dismissed counterclaims that contain repetitious issues already before the court by way of the complaint or affirmative defenses."). Plaintiff has not demonstrated any harm

or prejudice in allowing the Counterclaim to proceed. This further swings the pendulum in favor of denying the motion to dismiss.

Accordingly, it is hereby **ORDERED**:

1. The Motion to Dismiss Defendant Gilberto Sanchez's Counterclaim for Declaratory Judgment [Doc. 49] is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on September 14, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any