## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

FIRST MERCURY INSURANCE
COMPANY,

      Plaintiff,

v.                                   Case No: 8:20-cv-1929-CEH-MRM

FIRST FLORIDA BUILDING
CORPORATION, FIRST FLORIDA
LLC and GILBERTO SANCHEZ,

      Defendants.

_____

### <u>ORDER</u>

This cause comes before the Court on Plaintiff First Mercury Insurance Company's ("First Mercury") Motion for Partial Summary Judgment (Doc. 74), Defendant Gilberto Sanchez's Response in Opposition (Doc. 89), Defendant First Florida Building Corporation and First Florida LLC's (collectively, "First Florida") Response in Opposition (Doc. 91), and Plaintiff's Reply (Doc. 93). In this declaratory judgment action, Plaintiff seeks partial summary judgment on Counts III and IV and Defendants' affirmative defenses. Upon review and consideration, the Motion for Partial Summary Judgment will be denied.

Also before the Court is First Florida's Motion for Reconsideration of Order Denying Motion to Stay (Doc. 60), and First Mercury's response in opposition (Doc. 68). First Florida previously moved to stay any declaration regarding First Mercury's duty to indemnify until the underlying lawsuit is resolved (Doc. 18), which the Court

denied (Dkt. 59).  Upon full consideration and review of the parties' submissions, the Court will grant the Motion for Reconsideration and stay the declaratory judgment action regarding First Mercury's duty to indemnify.

## I.    FACTUAL BACKGROUND[1]

On September 24, 2019, Gilberto Sanchez filed a personal injury lawsuit against multiple defendants in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida ("the underlying lawsuit"). Doc. 44-1.  Sanchez suffered severe injuries after falling through an unmarked hole in the roof of a building under construction at the Apartments at Grady Square on March 21, 2016. *Id.* ¶ 9-11, 81.

First Florida Building Corporation ("FFBC") and First Florida, LLC ("FFLLC") (collectively, "First Florida") are two of the defendants in the underlying lawsuit. Doc. 44-1 ¶¶ 17-18, 392-395.  Sanchez alleges that he was an invitee on the premises of the apartment complex who "was working with" FFBC at all times material to the action.  *Id.* ¶¶ 3, 78, 90.  Sanchez further alleges that all defendants, including FFBC and FFLLC, are liable for his injuries because they knew or should have known that the roof's conditions were inherently dangerous. *Id.* ¶¶ 51-59, 408-416.

At the time of Sanchez's accident, FFBC and FFLLC were covered by a commercial general liability insurance policy ("the policy") by First Mercury. Doc. 44

---

[1] The Court has determined the facts, which are undisputed unless otherwise noted, based on the parties' submissions, including declarations and exhibits.  For purposes of summary judgment, the Court considers the facts in the light most favorable to the non-moving party as required by Fed. R. Civ. P. 56.

¶ 34.  The policy requires First Mercury to defend FFBC and FFLLC against any lawsuit seeking damages for bodily injury, provided the policy applies to the injury. *Id.* ¶ 35.  The policy does not apply to the injury of an employee of the insured that arose out of and in the course of either their employment or the performance of duties related to the conduct of the insured's business (the "employer's liability exclusion"). *Id.* at ¶ 36.  The policy also does not apply if the insured is obliged to pay workers' compensation (the "worker's compensation exclusion"). *Id.*  The policy applies only to bodily injuries resulting from an "occurrence," which is defined as an accident, and excludes those "expected or intended from the standpoint of the insured." *Id.*

Pursuant to the policy, First Mercury has been paying for the defense of FFBC and FFLC in the underlying lawsuit. *Id.* ¶¶ 4-5, 38   However, First Mercury has reserved its right to deny coverage based on the policy exclusions it asserts apply. *Id.*; Doc. 74 at 8-9.  Accordingly, First Mercury initiated the instant declaratory judgment action on August 19, 2020.  First Mercury seeks a declaration that it has no duty to defend or indemnify First Florida, because the policy does not apply under the following policy exclusions:

1) Sanchez's injuries were not caused by an "occurrence"
2) Expected or intended injury exclusion
3) Workers compensation and similar laws exclusion
4) Employer's liability exclusion

Doc. 44 ¶¶ 40-61.

First Florida and Sanchez, as a third-party beneficiary of the policy, have filed counterclaims against First Mercury seeking a declaration that First Mercury is

obligated to fully defend and indemnify First Florida under the policy in relation to the underlying lawsuit. Docs. 47, 48.

Shortly after the declaratory judgment action was filed, First Florida filed a motion to stay any declaration regarding First Mercury's duty to indemnify until the underlying lawsuit is resolved. Doc. 18.  Sanchez joined in the motion, while First Mercury opposed it. Docs. 28, 29.  The Court issued an endorsed order denying a stay, noting that Sanchez's losses in the underlying state court action are ripe for review. *See* Dkt. 59.  First Florida now moves for reconsideration, which First Mercury opposes. Docs. 60, 68.

First Mercury seeks summary judgment on two of the counts in relation to FFLLC; specifically, it argues that summary judgment is appropriate on the question of whether the workers compensation and employer's liability exclusions relieve it of its duty to defend or indemnify FFLLC in the underlying lawsuit. Doc. 74.[2]  All defendants oppose the motion for summary judgment. Docs. 89, 91.  Although the defendants have not filed a cross-motion for summary judgment, Sanchez notes that a *sua sponte* grant of summary judgment in the defendants' favor on the duty to defend issue is warranted. Doc. 94.

---

[2] First Mercury also contends that it is entitled to summary judgment on First Florida's six affirmative defenses. Doc. 74 at 21-24.  In addition to its argument that some of them constitute denials, rather than defenses, First Mercury asserts that the fourth affirmative defense, that the claim is barred under a Florida statute, fails on the merits.  *Id.*  In its response, however, First Florida asks the Court to consider the fourth affirmative defense, as well as the second and fifth, as a denial instead of a defense. Doc. 91 at 18-19.  Accordingly, the Court will not rule on the merits of these defenses at the summary judgment stage.

## II.    LEGAL STANDARD

### A. Motion for Summary Judgment

Summary judgment is appropriate only when the court is satisfied that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law" after reviewing the "pleadings, the discovery and disclosure materials on file, and any affidavits[.]" Fed. R. Civ. P. 56(c)(2).   In determining whether a genuine issue of material fact exists, the Court must consider all the evidence in the light most favorable to the nonmoving party. *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1164 (11th Cir. 2003). Issues of fact are "genuine only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).   A fact is "material" if it may affect the outcome of the suit under governing law.   *Id.*

The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. "Only when that burden has been met does the burden shift to the non-moving party." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

"[I]n order to survive summary judgment, the nonmoving party must set forth specific facts showing there is a genuine issue for trial." *Johnson v. New Destiny Christian Ctr. Church, Inc.*, 826 F. App'x 766, 770 (11th Cir. 2020) (citing *Anderson*, 477 U.S. at 249-50). "[U]nsupported 'conclusory allegations' do not suffice." *Middlebrooks v. Sacor Fin., Inc.*, 775 F. App'x 594, 596 (11th Cir. 2019). Likewise, "[a] 'mere existence of a scintilla of evidence' cannot suffice to create a genuine issue of material fact." *Johnson*, 826 F. App'x at 770 (quoting *Anderson*, 477 U.S. at 252).

## B. Motion for Reconsideration

Under Federal Rule of Civil Procedure 59(e), a litigant may move for discretionary reconsideration of an order within 28 days. "[A] motion to reconsider must demonstrate why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007). "This ordinarily requires a showing 'of clear and obvious error where the interests of justice demand correction.'" *Id.* (quoting *Prudential Sec., Inc. v. Emerson,* 919 F.Supp. 415, 417 (M.D.Fla.1996)). Reconsideration of an order is usually justified by (i) an intervening change in controlling law; (ii) the availability of new evidence; or (ii) the need to correct clear error or manifest injustice. *Id.* (quoting *True v. Comm'r of the I.R.S.,* 108 F.Supp.2d 1361, 1365 (M.D.Fla.2000)); *PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287 (11th Cir. 2021) ("The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."). Further, "[a] motion

for reconsideration cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005)).

## III.   DISCUSSION

First Mercury's motion for summary judgment on the question of its duty to defend FFLLC is due to be denied.  Contrary to its assertions, the identity of Sanchez's employer and his employment status are disputed facts.  Accordingly, the Court cannot apply the rare exception to the eight corners rule permitting review of extrinsic evidence.  The allegations of the underlying complaint therefore control and trigger First Mercury's duty to defend.  Even if the Court could review extrinsic evidence, however, a genuine issue of material fact would exist regarding Sanchez's employment status.

In light of the Court's conclusion that Sanchez's employment status is not undisputed, reconsideration of its order regarding the motion to stay the indemnity issue is warranted.  Because the actual facts do not demonstrate that there is no possibility of coverage, a declaratory judgment on the question of First Mercury's duty to indemnify is premature.  The motion for summary judgment on the indemnity issue is therefore denied without prejudice, the motion for reconsideration is granted, and the indemnity issue is stayed pending resolution of the underlying lawsuit.

## A. Duty to Defend

### 1. *The Parties' Submissions*

First Mercury argues that it is entitled to summary judgment on Counts III and IV with respect to its duty to defend FFLLC, because there is no genuine dispute that the policy exclusions for worker's compensation and employer's liability apply. Doc. 74 at 13-20. First Mercury asserts that the Court is permitted to look beyond the "eight corners" of the policy and the complaint in the underlying lawsuit in order to determine coverage under the policy, because Sanchez omitted crucial, uncontroverted facts from the complaint. *Id.* at 1-2, 19-20. First Mercury states it is undisputed that Sanchez was an employee of FFLLC who was injured in the course of his employment. *Id.* at 4-5. Further, Sanchez collected workers compensation before initiating the underlying lawsuit. *Id.* at 6. Each of these facts was omitted from the complaint and relieves First Mercury of its duty to defend FFLLC in the underlying lawsuit under the policy exclusions. *Id.* at 13-20.

In response, both Sanchez and First Florida argue that the Court may not consider extrinsic evidence beyond the policy and the complaint in the underlying lawsuit; as drafted, the allegations in the complaint trigger a duty to defend because they create the potential for coverage. Doc. 89 at 6-9; Doc. 91 at 7-8, 11-12, 14. Even if the Court could consider extrinsic evidence, however, it fails to demonstrate the lack of a factual dispute regarding Sanchez's employment status. Doc. 89 at 10-11; Doc. 91 at 12-13. On the contrary, the issue is being hotly contested in the underlying lawsuit. *Id.* at 13, 15. First Mercury has also failed to prove that Sanchez was not a temporary

worker, which would return him to the purview of First Mercury's duty to defend. *Id.* at 16-17.  Accordingly, the exception to the eight corners rule does not apply. Doc. 89 at 12-15.   The defendants also argue that some of First Mercury's evidence is inadmissible for lack of proper authentication. *Id.* at 11 n.7-8; Doc. 91 at 3-5.

Replying to both responses in opposition, First Mercury describes the evidence of Sanchez's employment status as "unassailable," which demonstrates that there is no true factual dispute. Doc. 93 at 2, 4-8.  Nor has First Florida provided any evidence to show that the "temporary worker" exception applies. *Id.* at 8-9.  First Mercury argues that its evidence complies fully with Rule 56, which does not require authentication at the summary judgment stage, but that some of the evidence submitted by Sanchez in opposition to the motion for summary judgment is inadmissible hearsay. *Id.* at 3, 6-7.

### 2.  *The Eight Corners Rule*

Under Florida law, "the general rule is that an insurance company's duty to defend an insured is determined solely from the allegations in the complaint against the insured, not by the true facts of the cause of action against the insured, the insured's version of the facts or the insured's defenses." *State Farm Fire and Cas. Co.,* 393 F.3d 1226, 1230 (11th Cir. 2004), citing *Amerisure Ins. Co. v. Gold Coast Marine Distribs., Inc.,* 771 So.2d 579, 580–81 (Fla. 4th DCA 2000).  This rule is known as the "eight corners rule," referring to the four corners of the underlying complaint and the four corners of the insurance policy. *See Addison Ins. Co. v. 4000 Island Blvd. Condominium*

*Ass'n, Inc.*, 721 F. App'x 847, 854 (11th Cir. 2017).  "If the allegations in the complaint state facts that bring the injury within the policy's coverage, the insurer must defend regardless of the merits of the lawsuit.  Furthermore, any doubt about the duty to defend must be resolved in favor of the insured." *Id.* (citations omitted).  The duty to defend therefore attaches "even if the allegations in the complaint are factually incorrect or meritless." *Jones v. Fla. Ins. Guar. Ass'n, Inc.*, 908 So.2d 435, 443 (Fla. 2005).

An exception to the eight corners rule permits the court to consider extrinsic evidence in "special circumstances" and "exceptional cases." *See Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1323 (11th Cir. 2014) (citations omitted).  The exception applies only where it is "manifestly obvious to all involved that the actual facts placed the claims outside the scope of coverage." *Id.*, citing *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 786 (11th Cir. 2008).  In such cases, a court may consider extrinsic facts if those facts are undisputed and, had they been pled in the complaint, clearly would have placed the claims outside the scope of coverage. *Id.*

In *AIX Specialty Ins. Co. v. Ashland 2 Partners, LLC*, 383 F.Supp.3d 1334 (M.D. Fla. 2019) (Honeywell, J.), for example, this Court applied the exception when it granted summary judgment to the insurer because of a policy exclusion barring claims related to assault and battery.  Viewing the facts of the underlying lawsuit, the Court determined that the parties agreed an employee had intentionally grabbed the injured party, leading to her injury, even though they disputed whether an intervening fall had occurred intentionally or negligently. *Id.* at 1340-41.  The intentional grab qualified as

assault and battery under Florida law, regardless of the parties' dispute regarding the fall; thus, there was no duty to defend as a matter of law. *Id.* at 1341.  Similarly, in *Underwriters at Lloyds London v. STD Enterprises, Inc.*, 395 F.Supp.2d 1142 (M.D. Fla. 2005), the court found that coverage was barred under a policy exclusion applying to vehicles used for business purposes.  Although the underlying complaint omitted this fact, "neither party disputed [it] and the employee's deposition testimony clearly supported its veracity." *Id.* at 1146, 1150; *see also Nationwide Mutual Fire Ins. Co. v. Keen*, 658 So.2d 1101, 1102-03 (Fla. 4th DCA 1995) (no duty to defend where underlying plaintiff conceded a fact that eliminated the possibility of coverage but was omitted from the underlying complaint).

However, the Eleventh Circuit has clarified that it is not the case that "any time an insurer disputes a fact, the insurer is entitled to a determination of such facts…[even] where the underlying allegations at issue appear baseless." *Addison*, 721 F. App'x at 855, citing *Higgins v. State Farm Fire Ins. and Cas. Co.*, 894 So.2d 5 (Fla. 2004).  Courts will not look beyond the eight corners of the complaint and policy unless it is undisputed and "manifestly obvious to all" that omitted facts exclude coverage. *See Stephens*, 749 F.3d at 1329.  In *Mt. Hawley Ins. Co. v. Roebuck*, 838 F.Supp.3d 1351, 1365 (S.D. Fla. 2019), for example, the parties disputed whether the patron's injuries had arisen directly from the tenant's use of the property, as alleged, or whether they arose indirectly, in which case they would be excluded from coverage.  The court held that because this fact was disputed, it was not "manifestly obvious to all involved that the actual facts placed the claims outside the scope of coverage." *Id.*, quoting *Stephens*,

749 F.3d at 1329; *see also AIX Specialty Ins. Co. v. Everett*, 543 F.Supp.3d 1321, 1332-33 (M.D. Fla. 2021) (Honeywell, J.) (allegation in underlying complaint that injured party was shot by "a bullet" was sufficient to trigger duty to defend despite policy exclusion for injuries caused by "firearms," because complaint did not specify the type or number of weapons involved; declining to review extrinsic evidence submitted by the parties on the same topic); *Southern-Owners Ins. Co. v. Wentworth Construction Co., LLC*, 15-80789-CIV-MARRA, 2019 WL 8275154 (S.D. Fla. Dec. 9, 2019) (where expert affidavits contradicted each other and were at odds with the pleadings, the exception to the eight corners rule did not apply).

Moreover, the eight corners rule applies even where there is *no* evidence to support the allegations in the complaint that the insurer disputes.  In *Evanston Ins. Co. v. Boone*, 8:17-cv-2747-SCB-CPT, 2019 WL 5319237, *2 (M.D. Fla. Oct. 21, 2019) (Bucklew, J.), for example, the court held that it was bound by the allegations in the underlying complaint, despite the "substantial evidence" corroborating the insurer's theory and the fact that there was no evidence from the insured to support the allegations in the complaint.  Because the facts at issue were disputed by the parties, regardless of evidentiary support, the exception to the eight corners rule did not apply. *Id.* at *3.  Similarly, the Eleventh Circuit upheld the district court's grant of summary judgment to the insured on a duty to defend issue despite the insurer's argument that the relevant allegations in the underlying complaint were unsupported by evidence. *Addison Ins. Co. v. 4000 Island Blvd. Condominium Ass'n, Inc.*, 721 F. App'x 847, 855 (11th Cir. 2017).

12

### 3.  *Summary Judgment in First Mercury's Favor is Not Warranted.*

Here, First Mercury does not dispute that the allegations in the underlying complaint create a duty to defend FFLLC. Doc. 74 at 2.  The complaint alleges that Sanchez was "working with" FFBC at the time of the accident, not FFLLC. Doc. 44-1 ¶¶ 3.  It also alleges that Sanchez was on the premises as an "invitee." *Id.* ¶ 78.  Based solely on the eight corners of the complaint and the policy, then, First Mercury has a duty to defend FFLLC.

First Mercury argues that the Court should apply the exception to the eight corners rule to look outside of the complaint and the policy, because the true facts establish that coverage is precluded by the employer's liability and workers' compensation exclusions. Doc. 74 at 2, 13.  Sanchez omitted from his underlying complaint the "undisputed" fact that he was an employee of FFLLC, which First Mercury asserts is supported by "unassailable" evidence. *Id.* at 14, 16, 18; Doc. 93 at 2.  Specifically, First Mercury offers extrinsic records demonstrating that Sanchez was paid by FFLLC as well as a sworn statement by the president of FFBC and FFLLC that Sanchez was not an employee of FFBC. *See* Docs. 73-6, 73-7, 73-8, 73-9, 73-10, 73-11, 73-12.[3]

The Court may only consider such extrinsic evidence if it supports an omitted fact that is truly undisputed by the parties.  While the Court finds that First Mercury's

---

[3] The parties agree that Sanchez's employment status and the identity of his employer are the "key coverage issue[s]" in the motion for summary judgment with respect to the employer's liability and workers' compensation exclusions. *See* Doc. 74; Doc. 89 at 7 n.4; Doc. 91 at 13 n.8; Doc. 93 at 2.

evidence suggesting FFLLC's employment of Sanchez is compelling, this fact is not conceded by either defendant; on the contrary, it is being actively contested in the state court proceedings. *See Boone*, 2019 WL 5319237 (eight corners rule applied despite substantial evidence corroborating insurer's theory); Doc. 89 at 10-11; Doc. 91 at 13. Indeed, Sanchez has provided evidence regarding the identity of his employer that attempts to counter First Mercury's evidence. *See* Doc. 89-1, 89-2.   While First Mercury disputes the reliability of Sanchez's evidence, Doc. 93 at 6-8, its submission demonstrates that the identity of Sanchez's employer is not "undisputed."

Similarly in contention is the question of whether Sanchez was a "temporary worker" rather than an employee of either FFLLC or FFBC. *See* Doc. 91 at 16-17. The policy defines a "temporary worker" as "a person who is furnished to you to substitute for a permanent 'employee' on leave or to meet seasonal or short-term workload conditions." Doc. 44-2 at 19.   A temporary worker is not an "employee" as defined in the policy exclusions, *id.* at 17, which means that if Sanchez were a temporary worker the exclusions would not apply.   The allegation in the underlying complaint that Sanchez was an "invitee" who was "working with" FFBC is consistent with the idea that he was a temporary worker rather than an employee. *See* Doc. 44-1 ¶¶ 3, 78.   Given that all doubts must be resolved in favor of the insured, the Court cannot say it is "undisputed" that Sanchez was not a temporary worker. *See Southern-Owners Ins. Co. v. Florida Construction Svcs., Inc.*, 569 F.Supp.3d 1186, 1198 (M.D. Fla. 2021) (Jung, J.) (in related action involving the same accident, noting that Sanchez "was obviously an employee of one or more parties," but that "it is not undisputed or

certain that [he] was an employee of [FFLLC] or [FFBC], or whether he was a temporary worker of either.").[4]

Because it is not undisputed that Sanchez was an employee of FFLLC, rather than an employee of FFBC or a temporary worker of either, the exception to the eight corners rule does not apply, and the Court is bound by the eight corners of the complaint and policy. Even if the allegations in the complaint that Sanchez was working with FFBC turn out to be "factually incorrect or meritless," *see Jones*, 908 So.2d at 443, First Mercury cannot establish that it has no duty to defend. First Mercury is therefore not entitled to summary judgment.

In any event, the Court finds that the extrinsic evidence would not preclude the possibility of coverage even if the Court were permitted to consider it. First Mercury has a duty to defend unless there is *no doubt* that the allegations in the underlying suit do not fall within the policy's coverage. *Lawyers Title Ins. Corp. v. JDC (Am.) Corp.*, 52 F.3d 1575, 1580-81 (11th Cir. 1995). Any doubts about whether First Mercury has an obligation to defend must be resolved in favor of the insured. *Jones*, 908 So.2d at 443. Further, First Mercury carries the burden of demonstrating that the allegations fall

---

[4] First Mercury correctly points out that the burden to prove that an exception to a policy exclusion applies shifts back to the insured, and FFLLC has not provided any evidence to support its claim that Sanchez may be a temporary worker. Doc. 93 at 8-9; *see LaFarge Corp. v. Travelers Indem. Co.*, 118 F.3d 1511, 1516 (11th Cir. 1997). However, as noted *infra*, First Mercury has a duty to defend unless there is no doubt that the allegations in the underlying suit do not fall within the policy's coverage. *Lawyers Title Ins. Corp. v. JDC (Am.) Corp.*, 52 F.3d 1575, 1580-81 (11th Cir. 1995). Because allegations in the underlying complaint are consistent with a theory that he was a temporary worker, regardless of extrinsic evidence, First Mercury has a duty to defend.

entirely within a policy exclusion. *Hartford Accident and Indem. Co. v. Beaver*, 466 F.3d 1289, 1296 (11th Cir. 2006).  First Mercury has not met that burden.

First Mercury argues that the extrinsic evidence shows there is no possibility of coverage because it proves that Sanchez was an employee of FFLLC, thereby placing the underlying lawsuit squarely within the policy's exclusions for employer's liability and, indirectly, workers' compensation. *See* Doc. 74.  The question of an employer/employee relationship is generally a question of fact, and therefore a question for the trier of fact. *See, e.g., Pate v. Gilmore*, 647 So.2d 235, 236 (Fla. 1st DCA 1994).  The Court may determine this question on summary judgment only if no reasonable view of the evidence—viewed in the light most favorable to Defendants, the non-movants—would permit the conclusion that Sanchez was not an employee as the term is defined in the policy. *See, e.g., Nationwide Mut. Fire Ins. Co. v. Kaloust Financial, LLC*, 8:12-cv-235-VMC-MAP, 2013 WL 3270410, *5 n.4 (M.D. Fla. June 26, 2013) (Covington, J.).

In support of its argument that Sanchez was FFLLC's employee, First Mercury has offered payroll records, paystubs, and W-2s demonstrating that Sanchez was paid by FFLLC. Docs. 73-3, 73-7, 73-8, 73-9, 73-10, 73-11.[5]  First Mercury has also

---

[5] The parties assert that some of the extrinsic evidence offered by their adversary is inadmissible on summary judgment for different reasons.  These arguments are meritless.

FFLLC challenges the authenticity, though not the admissibility, of First Mercury's Exhibits B, F, G, I, J, and L (Docs 73-3, 73-7, 73-8, 73-10, 73-11, 73-13) because First Mercury "has not introduced [them] through a method authorized by Rule 56" of the Federal Rules of Civil Procedure. Doc. 91 at 3-5.  Specifically, FFLLC appears to argue that First Mercury did not provide supporting affidavits to authenticate the documents. *Id.* at 3-4.  However, Rule 56 was amended in 2010 to eliminate the requirement for authentication through affidavits at

provided several statements, both sworn and unsworn, by the president of both FFBC and FFLLC affirming that Sanchez was not an employee of FFBC. Docs. 73-12, 73-13; *see also* Doc. 93-2 (FFBC's motion for summary judgment in the underlying lawsuit denying its employment of Sanchez).   In response, Sanchez offers his employment application, which lists FFLLC in the heading, as well as an OSHA report that repeatedly identifies FFLLC as his employer. Docs. 89-1, 89-2.[6]  The records offered by both parties are in clear contradiction to each other, demonstrating a genuine

---

the summary judgment stage. *See* Fed. R. Civ. P. 56(c)(4) advisory committee's note to 2010 amendment.   Moreover, as First Mercury correctly points out, FFLLC itself produced most of the challenged documents, which are FFLLC's own records, in discovery. Doc. 93 at 3. *See Slone v. Judd*, 8:09-cv-1175-T-27TGW, 2011 WL 1124618, *2 (M.D. Fla. March 25, 2011) (Whittemore, J.) (party cannot challenge the authenticity of a document it produced in discovery). FFLLC offers no specific basis to question the authenticity of the challenged evidence.   The Court will consider this evidence for the purpose of summary judgment.

   In turn, First Mercury challenges the admissibility, though not the authenticity, of one piece of evidence submitted by Sanchez: records from an investigation by the Occupational Safety and Health Administration (OSHA). Doc. 89-1; 89-2; *see* Doc. 93 at 6-8.  First Mercury argues that the OSHA records are inadmissible hearsay, because they lack the trustworthiness that is required of reports admitted under the public records exception to hearsay. *Id.*; *see* Doc. 89 at 11 n.7 (asserting the OSHA records satisfy the public records exception).   In support, First Mercury points out various places where the records identify Sanchez's employer as FFBC rather than FFLLC. *Id.* at 7.   However, as noted *supra*, the Court rejects First Mercury's characterization of the identity of Sanchez's employer as "undisputed," and thus cannot conclude that the records are inherently untrustworthy because they contain evidence contrary to First Mercury's preferred theory.  First Mercury's challenges to the contents of the OSHA records go to their weight rather than their admissibility, because they do not render the records inherently untrustworthy such that the public records exception should not apply. This evidence is not inadmissible hearsay.

[6] Sanchez also argues that First Mercury's evidence is insufficient because evidence of payment is not the only factor considered when determining whether someone is an employee. Doc. 89 at 10.  This argument is unpersuasive.  The caselaw and factors Sanchez raise for this argument relate to the determination of whether someone is an employee or an independent contractor. *See Kane Furniture Corp. v. Miranda*, 506 So.2d 1061 (Fla. 2d DCA 1987).   Here, however, the fact that Sanchez received W-2s rather than 1099s precludes the possibility that he was an independent contractor, nor does any party—including Sanchez—assert that he was.

dispute of material fact regarding the identity of Sanchez's employer.  Viewing all of the records in the light most favorable to Sanchez, the Court does not find that the only reasonable view of the evidence compels the conclusion that Sanchez was an employee of FFLLC.  Summary judgment therefore would not be warranted for First Mercury on the issue of its duty to defend FFLLC even if the Court could consider extrinsic evidence.

In light of the Court's conclusion that the allegations in the underlying complaint must be viewed alone when determining whether First Mercury has a duty to defend FFLLC, the Court agrees with Sanchez's assertion that First Mercury's motion for partial summary judgment on the duty to defend issue presents an "either or" proposition. *See* Doc. 94.  Accordingly, pursuant to Rule 56(f)(1) of the Federal Rules of Civil Procedure, First Mercury must show cause why summary judgment on the duty to defend issue should not be granted in favor of FFLLC. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1204 (11th Cir. 1999) ("A district court possesses the power to enter summary judgment *sua sponte* provided the losing party '[is] on notice that she had to come forward with all of her evidence.'"), quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).

## B. Duty to Indemnify

First Mercury also requests summary judgment on the issue of its duty to indemnify FFLLC.  In addition, First Florida has filed a Motion for Reconsideration regarding the Court's denial of its motion to stay the declaratory judgment proceedings

on the issue of First Mercury's duty to indemnify.  The Court will discuss both pending motions related to the duty to indemnify in turn.

In its Motion for Partial Summary Judgment, First Mercury relies on its argument that there is no duty to defend to assert that summary judgment is also warranted on the question of its duty to indemnify.  Doc. 74 at 20-21.  Because a duty to indemnify cannot exist if there is no duty to defend, *see Health First, Inc. v. Capitol Specialty Ins. Corp.*, 747 F. App'x 744, 750 (11th Cir. 2018), First Mercury argues that it has also proven that no duty to indemnify exists.  Doc. 74 at 21.

In its Motion for Reconsideration of its motion to stay, First Florida argues that the Court erred in finding that the indemnity issue is not premature because Sanchez's losses are ripe for review, as the underlying lawsuit is ongoing and has not been resolved.  Doc. 60 at 2.  First Florida also asserts that manifest injustice would occur if it were required to litigate indemnity issues while the underlying lawsuit is ongoing. *Id.*  Further, directing the Court's attention to a decision to stay the indemnity issue by another district judge in a related action, First Florida argues that litigating the indemnity issue in the instant action risks inconsistent outcomes. *Id.* at 3-4; *see also* Doc. 106 (notifying Court of other district judge's continued stay).

In response, First Mercury argues that First Florida is merely repeating arguments from its original motion rather than identifying a new legal or factual basis to justify reconsideration.  Doc. 68 at 2, 5-6.  The Court's original ruling was correct, in First Mercury's view, because it is consistent with the body of caselaw holding that an indemnity question is ripe where facts outside of the pleadings demonstrate that

coverage is clearly excluded from the policy. *Id.* at 6-7.  First Mercury also notes that the motion to stay in the related action was unopposed, a fact it argues distinguishes the two cases. *Id.* at 9.

The parties agree that the duty to indemnify is distinct from and narrower than the duty to defend. *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019); *see* Doc 74 at 20, Doc. 89 at 5.  Unlike the duty to defend, the duty to indemnify is determined by looking at the "actual facts, not only those that were alleged in the state court complaint." *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1324 (11th Cir. 2014).  Accordingly, this Court's conclusion that summary judgment is not warranted on the question of duty to defend does not necessarily govern its conclusion regarding the duty to indemnify.

In light of the Court's evaluation of the evidence regarding the duty to defend, however, reconsideration of its prior order denying a stay of the duty to indemnify issue is warranted.  Courts in this circuit have overwhelmingly held that the question of an insurer's duty to indemnify is not ripe until the underlying lawsuit is resolved or the insured's liability is established, because unless and until that occurs there is no judgment *to* indemnify. *Delacruz*, 766 F. App'x 768, 770; *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Shaw Development, LLC*, 2:21-cv-658-SPC-NPM, 2021 WL 4913357, *1 (M.D. Fla. Oct. 21, 2021) (duty to indemnify claim is unripe until state court case ends); *Contintental Ins. Co. v. Nationwide Ins. Co. of Am.*, 6:20-cv-1439-WWB-DCI, 2021 WL 8894460, *5 (M.D. Fla. Sept. 28, 2021) (entering a summary judgment finding that there is a duty to defend, and dismissing duty to indemnify claim without

prejudice as premature until underlying litigation is resolved); *AIX Specialty Ins. Co. v. Everett*, 543 F.Supp.3d 1321, 1333 (M.D. Fla. 2021) (Honeywell, J.) (declaratory judgment proceeding on duty to indemnify is premature until resolution of underlying litigation); *RLI Ins. Co. v. Baywalk Title Inc.*, 8:20-cv-1143-MSS-AEP, 2020 WL 6742789 (M.D. Fla. Nov. 2, 2020) (Scriven, J.) (dismissing without prejudice request for declaration as to duty to indemnify as premature because state court action remains pending); *RLI Ins. Co. v. Coastline Title of Pinellas, Inc.*, 8:20-cv-786-SDM-CPT, 2020 WL 9172022 (Merryday, J.) (same); *Depositors Ins. Co. v. Loan Ranger Acquisitions, LLC*, 457 F.Supp.3d 1255, 1261 (M.D. Fla. 2020) (Barber, J.) (same); *Evanston Ins. Co. v. Boone*, 8:17-cv-2747-SCB-CPT, 2019 WL 5319237, *3 (M.D. Fla. Oct. 21, 2019) (Bucklew, J.) (denying motion for reconsideration of its conclusion that a determination of whether insurer has a duty to indemnify the insureds is not ripe for review until insured's liability in ongoing state court proceeding is established).

An exception to the prematurity of the indemnity issue is where "the court can determine that the allegations in the complaint could *under no circumstances* lead to a result which would trigger the duty to indemnify." *Northland Cas. Co. v. HBE Corp.*, 160 F.Supp.2d 1348, 1360 (M.D. Fla. 2001) (emphasis added).  In *AIX Specialty Ins. Co. v. Night Industry, Inc.*, 6:20-cv-225-PGB-EJK, 2020 WL 8187752, *6 (M.D. Fla. Dec. 9, 2020), for example, the court found that the duty to indemnify question was ripe for review where the insured parties could not identify any injury that occurred during the policy period, which meant that there were no circumstances that would oblige the

insurer to indemnify any liability for the injury. *See also Amerisure Ins. Co. v. Walker*, 11-61480-CV, 2011 WL 5597325, *3 (S.D. Fla. Nov. 17, 2011) (no duty to defend or indemnify where injured party stated in underlying complaint that he was an employee, triggering employer's liability exclusion); *Scottsdale Ins. Co. v. GFM Operations, Inc.*, 789 F. Supp. 2d 1278, 1288-89 (S.D. Fla. 2011) (finding no duty to indemnify because employer's liability exclusion applied where there was no evidence in the record that injured party, who was operating a forklift, was on the premises as a patron rather than as an employee); *Sinni v. Scottsdale Ins. Co.*, 676 F.Supp.2d 1319, 1333 (M.D. Fla. 2009) (where the actual facts revealed there was "no question" the injured party was on the premises as an employee, the insurer had no duty to indemnify as a matter of law).

Here, as discussed in Section A(3), *supra*, the Court has found that the identity of Sanchez's employer and his employment status at the time of his injury are disputed. Given the competing evidence in the record, the Court cannot conclude that there are no circumstances in which the allegations in the underlying complaint would lead to a duty to indemnify. The Court therefore reconsiders its prior holding under Federal Rule of Civil Procedure 59(e) in light of its conclusion on the motion for partial summary judgment, and finds that the indemnity issue is not ripe for review. The Motion for Reconsideration is granted, and summary judgment on the indemnity issue is denied without prejudice. The indemnity issue will be stayed until the claims against FFBC and FFLLC are resolved.

Accordingly, it is **ORDERED**:

1. Plaintiff First Mercury's Motion for Partial Summary Judgment (Doc. 74) is **DENIED**.

2. Plaintiff First Mercury shall show cause why summary judgment regarding its duty to defend First Florida, LLC, should not be granted in favor of First Florida, LLC, pursuant to Federal Rule of Civil Procedure 56(f)(1), within **fourteen (14) days** from the date of this Order.

3. Defendant First Florida's Motion for Reconsideration (Doc. 60) is **GRANTED**.

4. This action is **STAYED** as to Plaintiff First Mercury's request for a judgment declaring that it has no duty to indemnify First Florida Building Co. and First Florida, LLC, in the underlying lawsuit pending resolution thereof. Any party may move to lift the stay at any time, as appropriate.

**DONE** and **ORDERED** in Tampa, Florida on September 2, 2022.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties