## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

FIRST MERCURY INSURANCE
COMPANY,

      Plaintiff,

v.                           Case No: 8:20-cv-1929-CEH-MRM

FIRST FLORIDA BUILDING
CORPORATION, FIRST FLORIDA
LLC and GILBERTO SANCHEZ,

      Defendants.

_____

### ORDER

This cause comes before the Court on its Order to Show Cause, entered on September 2, 2022 (Doc. 109 at 18, 23).  The Order directed Plaintiff First Mercury Insurance Company ("First Mercury") to show cause as to why the Court should not enter summary judgment for Defendant First Florida LLC pursuant to Fed. R. Civ. P. 59(f), in light of the Court's findings in its Order denying Plaintiff's Motion for Partial Summary Judgment (Doc. 109).  First Mercury timely responded to the Court's Order (Doc. 110).  First Florida LLC ("FFLLC") and Defendant First Florida Building Corporation ("FFBC") were granted permission to file a reply (Doc. 113), which Defendant Gilberto Sanchez joined (Doc. 115).  The Court heard oral argument on this matter on December 7, 2022.

Upon review and due consideration of the parties' submissions and oral arguments, and otherwise being fully advised in the premises, the Court concludes that

summary judgment is warranted in favor of the Defendants as to First Mercury's duty to defend FFLLC.

## I.    BACKGROUND

In this declaratory judgment action, First Mercury seeks judicial determinations that it has no duty to defend or indemnify FFLLC or FFBC (collectively, "First Florida"), the holders of a First Mercury commercial liability insurance policy, in an ongoing state court lawsuit ("the underlying lawsuit"). Doc. 44.  The underlying lawsuit is a personal injury claim filed by Gilberto Sanchez for severe injuries he sustained at a construction site in March 2016. Doc. 44-1.  Both First Florida entities are defendants in that action.  Sanchez alleges in the state court complaint that he was at the construction site as an invitee who was "working with" FFBC. *Id.* ¶¶ 3, 78, 90.

First Mercury has been defending First Florida in the underlying lawsuit under a reservation of rights. Doc. 44 ¶¶ 8-9.  It asserts that First Florida's insurance policy does not cover Sanchez's injury because several policy exclusions apply. *Id.*  Most significantly, First Mercury argues that Sanchez was an employee of FFLLC who was injured in the course of his employment, thereby falling within the employer's liability and workers compensation exclusions. *Id.* ¶¶ 52-61.  First Mercury named First Florida and Sanchez as defendants in the declaratory judgment action.  In turn, First Florida and Sanchez have filed counterclaims against First Mercury seeking declarations that First Mercury is obligated to defend and indemnify First Florida in the underlying lawsuit. Docs. 47, 48.

First Mercury filed a motion for partial summary judgment as to two of the counts in relation to FFLLC, arguing that the worker's compensation and employer's liability policy exclusions relieve it of its duty to defend or indemnify FFLLC. Doc. 74.  In seeking summary judgment, First Mercury acknowledged that the state court complaint and the insurance policy triggered its duty to defend First Florida. *Id.* at 2. Normally, an insurance company's duty to defend is determined solely from the "eight corners" of the complaint and policy. *State Farm Fire and Cas. Co.,* 393 F.3d 1226, 1230 (11th Cir. 2004).  "If the allegations in the complaint state facts that bring the injury within the policy's coverage, the insurer must defend regardless of the merits of the lawsuit," and "any doubt about the duty to defend must be resolved in favor of the insured." *Addison Ins. Co. v. 4000 Island Blvd. Condominium Ass'n, Inc.*, 721 F. App'x 847, 854 (11th Cir. 2017) (citations omitted).

First Mercury argued, however, that the Court should apply a rare exception to the eight corners rule that allows a court to consider extrinsic facts in determining whether there is coverage, if those facts are undisputed and, had they been pled in the complaint, clearly would have placed the claims outside the scope of coverage. Doc. 74 at 13-20; *see also First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 786 (11th Cir. 2008); *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1323 (11th Cir. 2014).  First Mercury asserted that Sanchez had omitted from his complaint the undisputed fact that he was an employee of FFLLC who was injured in the course of his employment. Doc. 74 at 4-5.  In support, First Mercury provided records demonstrating Sanchez was paid by FFLLC, as well as two statements by Greg Wyka,

the CEO of First Florida, that Sanchez was not an employee of FFBC and was employed by FFLLC. Docs. 73-3, 73-7, 73-8, 73-9, 73-10, 73-11, 73-12, 73-13, 93-2.

On September 2, 2022, the Court denied First Mercury's motion for partial summary judgment. Doc. 109.  The Court concluded that the exception to the eight corners rule did not apply, because the identity of Sanchez's employer is not undisputed; on the contrary, it is being actively contested in the underlying lawsuit. *Id.* at 13-15.  It is also in dispute whether Sanchez was not a temporary worker, a status that would not fall within the policy exclusions. *Id.* at 14.  In the alternative, the Court held that even if it could consider extrinsic evidence, the evidence before it was not sufficient to conclusively establish that the injury fell within a policy exclusion. *Id.* at 15-18.  Finally, the Court reconsidered a prior order and granted a stay of the duty to indemnify issue, because it would not be ripe unless or until First Florida was found liable in the underlying lawsuit. *Id.* at 20-22.

The Court's Order observed that the question of whether First Mercury has a duty to defend FFLLC under Counts III and IV is an "either or" proposition. *Id.* at 18. It therefore directed First Mercury to show cause as to why summary judgment should not be granted in FFLLC's favor pursuant to Rule 59(f). *Id.*

In First Mercury's response, it argues that the Court cannot grant summary judgment *sua sponte* because the evidentiary record is not complete.  Specifically, it has not been permitted to depose Wyka, First Florida's CEO, because of a protective order that the Court granted in June 2021. Doc. 69.  In its motion for the protective order, First Florida had argued that the deposition was premature, because the duty to

4

indemnify issue would be stayed if the Court reconsidered its prior order, and the duty to defend issue would not involve extrinsic evidence. Doc. 61.  Further, First Florida asserted it would suffer prejudice if Wyka were deposed while the underlying lawsuit was ongoing, because it might be forced to take inconsistent positions in the two proceedings. *Id.*  Accepting First Florida's arguments, the Court temporarily granted the motion for protective order, pending a ruling on First Florida's motion for reconsideration of its stay request or resolution of the underlying lawsuit, whichever occurred sooner. Doc. 69 at 6.  The Court subsequently denied First Mercury's motion for reconsideration of the protective order. Doc. 92.  First Mercury now argues that it should be permitted to depose Wyka before the Court grants summary judgment against it, because it anticipates Wyka will admit Sanchez was an employee of FFLLC, just as he said in an email First Mercury previously submitted to the Court. *Id.* at 3-5; *see* Doc. 73-13.  Such testimony would demonstrate that First Florida does not dispute the fact that Sanchez was employed by FFLLC and was not a temporary worker; the exception to the eight corners rule permitting the consideration of undisputed evidence would then apply. Doc. 110 at 5.

In reply, First Florida argues that the evidentiary record is already complete, both because First Mercury was the party who moved for summary judgment, and because the evidentiary record consists solely of the state court complaint and the insurance policy. Doc. 113 at 1-2.  First Florida pointed out that the Court already concluded the exception did not apply because the identity of Sanchez's employer and nature of his employment were disputed. *Id.* at 2.  The evidence First Mercury seeks

to gather is therefore inadmissible and irrelevant to the legal question of First Mercury's duty to defend FFLLC. *Id.* at 3.

## II.   LEGAL STANDARD

The court may grant summary judgment *sua sponte* pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, which states:

> **(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:
> (1) grant summary judgment for a nonmovant;
> (2) grant the motion on grounds not raised by a party; or
> (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

Fed. R. Civ. P. 56(f).

Summary judgment may be granted *sua sponte* "only in those circumstances in which the dismissed claims have been fully developed in the evidentiary record and the non-moving party has received adequate notice." *Artistic Entertainment, Inc. v. City of Warner Robins*, 331 F.3d 1196, 1202 (11th Cir. 2003).  In *Artistic Entertainment*, "the merits of the claims were fully briefed and evidence was accepted and considered in conjunction with the simultaneous motion to amend," which meant that "the district court had all the information necessary to rule on the legal issues." *Id.*

A grant of summary judgment is appropriate only when the court is satisfied that "there is no genuine issue of material fact and that the [] party is entitled to judgment as a matter of law[.]" Fed. R. Civ. P. 56(c)(2).  In determining whether a genuine issue of material fact exists, the Court must consider all the evidence in the light most favorable to the nonmoving party. *Shotz v. City of Plantation, Fla.*, 344 F.3d

1161, 1164 (11th Cir. 2003).  Issues of fact are "genuine only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  A fact is "material" if it may affect the outcome of the suit under governing law.  *Id.*

## III.   DISCUSSION

First Mercury argues that summary judgment cannot be granted under Rule 59(f) because the evidentiary record is not complete, as First Mercury has been prohibited from taking the deposition of Greg Wyka. Doc. 110.  However, the Court agrees with First Florida that, under the eight corners rule, the evidentiary record consists solely of the state court complaint and the insurance policy.  The Court further finds that even the most favorable testimony by Wyka would not establish that the exception to the eight corners rule applies.  Because First Mercury does not dispute that the eight corners of the complaint and policy establishes its duty to defend FFLLC, summary judgment in FFLLC's favor is warranted.

As a threshold matter, the Court rejects First Florida's implication that First Mercury is precluded from requesting the opportunity to take more evidence at this point because it was the party who moved for summary judgment. Doc. 113 at 1.  First Mercury moved for summary judgment only after it was prohibited from deposing Wyka by a protective order that First Florida requested. *See* Docs. 61, 69, 80, 92. Under those circumstances, the Court will not hold First Mercury's failure to take the deposition against it on procedural grounds.

However, First Mercury is not entitled to depose Wyka before the Court grants summary judgment in First Florida's favor.  First, the protective order remains in place, and First Mercury has neither moved to lift it nor identified grounds to do so. The prejudice First Florida identified that led to the issuance of the protective order has not dissipated, because the underlying lawsuit remains ongoing. *See* Docs. 61, 69. First Mercury has not demonstrated that it will be able to depose Wyka at any point before the lawsuit ends, at which time the question of its duty to defend would be moot.

In any event, and more significantly, the evidentiary record is complete with respect to the question of First Mercury's duty to defend FFLLC, because First Mercury cannot defeat summary judgment on this issue irrespective of Wyka's testimony.  First Mercury argues that Wyka's testimony would likely establish that the exception to the eight corners rule should apply.  For the purpose of this Order, the Court will assume that First Mercury's predictions about the content of Wyka's testimony are correct.  Considering the evidence in the light most favorable to First Mercury, the Court will assume Wyka would provide testimony consistent with his sworn declaration and email: that Sanchez was employed by FFLLC, not FFBC, and was not a temporary worker.  Even if that testimony were before the Court, however, the exception to the eight corners rule would still not apply.

As the Court held in its Order denying First Mercury's motion for partial summary judgment, even compelling evidence of a fact is insufficient to render that fact "undisputed" under the exception to the eight corners rule if the parties are,

indeed, disputing it. *See* Doc. 109 at 11-12 (collecting cases, citing *Evanston Ins. Co. v. Boone*, 8:17-cv-2747-SCB-CPT, 2019 WL 5319237, *2 (M.D. Fla. Oct. 21, 2019) (Bucklew, J.) (fact was not made "undisputed" by the existence of substantial evidence; court was bound by the allegations in the underlying complaint, despite their lack of evidentiary support)); *see also see also Kopelowitz v. Home Ins. Co.*, 977 F. Supp. 1179, 1185 (S.D. Fla. 1997) ("The duty to defend is solely determined by the allegations in the Complaint, whether or not those allegations are later revealed false, or seem fraudulent even on their face.").  Regardless of any testimony by Wyka in this action, it is clear that First Florida and Sanchez are actively contesting the issue of Sanchez's employment in the underlying lawsuit.  While First Mercury seeks to amass evidence to convince the Court that the fact of Sanchez's employment is indisput*able*, that evidence is irrelevant to the question of whether it is, in fact, being disputed by the parties.  Moreover, because *Sanchez* is disputing the identity of his employer and his employment status in the underlying lawsuit—regardless of his personal knowledge of the legal relationships between the entities—the question of whether Wyka, as the representative of First Florida, personally disputes the issue is not dispositive. *Cf.* Doc. 110 at 3-5; *see State Farm Fire & Cas. Co. v. Tippett*, 864 So. 2d 31, 33 (Fla. 4th DCA 2003) ("The trial court is restricted to the allegations set forth in the complaint, regardless of what *the insured* or others say actually happened.") (emphasis added).

Because the identify of Sanchez's employer and his employment status are not undisputed, the exception to the eight corners rule will not apply with or without Wyka's deposition testimony.  As such, the Court "ha[s] all the information necessary

to rule on the legal issue[]" before it. *Artistic Entertainment, Inc. v. City of Warner Robins*, 311 F.3d 1196, 1202-03 (11th Cir. 2003) (upholding district court's grant of summary judgment after it declined to reopen discovery, because further discovery would not resolve the question of law).

Based on the eight corners of the underlying complaint and policy, there is no genuine question of material fact as to whether First Mercury has a duty to defend FFLLC in the underlying lawsuit.  First Mercury concedes that the eight corners of the complaint and policy trigger First Mercury's duty to defend FFLLC. Doc. 74 at 2. Therefore, for the reasons described in the Court's Order denying partial summary judgment in First Mercury's favor (Doc. 109 at 9-18), FFLLC is entitled to summary judgment on the duty to defend.

Accordingly, it is **ORDERED**:

1. Defendant First Florida, LLC, is entitled to summary judgment in its favor on Counts III and IV of the Second Amended Complaint (Doc. 44), **only** as to the duty to defend First Florida, LLC.  A judgment on this issue will be entered at the conclusion of the litigation.  This case is stayed as to the duty to indemnify. Any party may move to lift the stay at any time, as appropriate.

2. The parties shall file an amended Case Management Report on or before January 17, 2023.

**DONE** and **ORDERED** in Tampa, Florida on January 3, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties